UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:22-cv-504 |
| v. | ) ) ) |
| GREENE COUNTY EDUCATIONAL SERVICE CENTER, | ) ) ) |
| Defendant | ) ) ) |

**COMPLAINT**

In response to the 2020 pandemic which shuttered businesses and schools, Congress passed the Family First Coronavirus Response Act ("FFCRA"), effective April 1, 2020 through December 31, 2020 which, among other things, provided, under Division E - the Emergency Paid Sick Leave Act, 80 hours of paid sick leave for all employees who meet certain criteria. Additionally, Division C of the FFCRA, the Emergency Family Medical Leave Expansion Act, provided paid leave for an employee who had to care for a child whose school has closed or whose childcare provider was unavailable for reasons related to COVID-19.

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") brings this action under the Emergency Paid Sick Leave Act ("EPSLA") provisions of the Families First Coronavirus Response Act as amended by the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-127, 134 Stat. 178 (the "FFCRA") §§ 5101-5111 (2020), Sections 16 and 17 of the Fair Labor Standards Act of 1938, as Amended ("FLSA") (29 U.S.C. §§

1

216 and 217), and the Emergency Family and Medical Leave Expansion Act ("EFMLEA" or "the Act") (29 C.F.R. § 826), an amendment to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("FMLA"), against Defendant Greene County Educational Service Center ("Defendant" or "Greene County ESC"). The Secretary is seeking an award of wages, salary, employment benefits, or other compensation, plus interest and an additional equal amount as liquidated damages; and to enjoin and restrain Defendant from violating the provisions of Sections 3102 and 5102 of the FFCRA, including the restraint of any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest; and to award such other equitable relief including employment, reinstatement and promotion, as found by the Court to be due and appropriate under the Act.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(b), 16(c), and 17 the FLSA (29 U.S.C. §§ 216(b) & (c), 217), Sections 107(b) and 107(d) of the FMLA (29 U.S.C. §§ 2617(b), (d)), and by 28 U.S.C. §§ 1331, 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district. Additionally, Defendant's headquarters are located within this District, and the Complainant resides within this District.

3. Defendant Greene County ESC is a public entity within this Court's jurisdiction with an office at 360 E. Enon Road, Yellow Springs, Ohio 45387 where it conducts business.

4. Defendant Greene County ESC is an educational service center that offers programs and services to several school districts in southwest Ohio.

5. During all times relevant to this action, Defendant provided educational services

2

within Greene County, Ohio within this Court's jurisdiction.

6. Defendant Greene County is, and at all times hereinafter mentioned was, engaged in commerce or in an industry or activity affecting commerce, in that Defendant operated offered programs and services to school districts on or after April 1, 2020, and is an employer within the meaning of 29 C.F.R. § 826.10.

7. At all times hereinafter mentioned, Defendant employed Complainant, a full-time employee, at their work site, located at 360 E. Enon Road, Yellow Springs, OH 45387, for at least thirty days before the Complainant filed a complaint with the United States Department of Labor. Complainant is an eligible employee under 29 C.F.R. §§ 826.10 and 826.30(a) and (b).

8. On or about August 31, 2020, Complainant requested leave for the purpose of caring for a child whose school was closed for reasons related to COVID-19. At the time of this request, Complainant had not used any EPSLA leave or FMLA leave for that leave year and thus was entitled to leave as provided for under the EPSLA and EFMLEA. 29 C.F.R. §§ 826.21, 826.23. Also, Complainant gave Defendant timely and proper notice of the need for leave by completing the "EFMLEA Request for Child Care Leave" form provided by Defendant. 29 C.F.R. §§ 826.90, 826.100.

9. Between August 31, 2020 and November 21, 2020, Defendant failed to pay Complainant the wages required by Sections 3102 and 5102 of the FFCRA, in violation of the EPSLA, FLSA, EFMLEA, FMLA, and FFCRA. Defendant only paid Complainant a portion of the wages due and failed to pay Complainant all of the wages due under these statutes.

10. During the period between August 31, 2020 and November 21, 2020, Defendant violated the aforesaid provisions of the EPSLA, FLSA, EFMLEA, and FMLA. A Judgment that

enjoins and restrains such violation is expressly authorized by 29 C.F.R. § 826.151(b), Section 17 of the FLSA (29 U.S.C. § 217), and section 107 of the FMLA (29 U.S.C. § 2617).

**WHEREFORE**, cause having been shown, Plaintiff prays for Judgment against Defendant as follows:

1. With respect to the EPSLA claim, for an Order:

    (a) Pursuant to 29 C.F.R. § 826.150(b) and 29 U.S.C. § 216, finding Defendant liable for unpaid back wages, salary, employment benefits or other compensation found due plus interest calculated at the prevailing rate and liquidated damages equal in amount to the unpaid compensation and interest found due; or

    (b) Pursuant to 29 C.F.R. § 826.150(b) and 29 U.S.C. § 217, enjoining and restraining Defendant(s), their officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from withholding payment of unpaid back wages, salary, employment benefits or other compensation found due plus interest; and

2. With respect to the EFMLEA claim, for an Order

    (a) Pursuant to 29 C.F.R. § 826.151 and 29 U.S.C. § 2617, finding Defendant liable for unpaid back wages, salary, employment benefits, or other compensation found due, plus interest calculated at the prevailing rate and liquidated damages equal in amount to the unpaid compensation and interest found due; or

    (b) Pursuant to 29 C.F.R. § 826.151 and 29 U.S.C. § 2617, enjoining and restraining Defendant, their officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from withholding payment of unpaid back wages, salary, employment benefits, or other compensation found due plus interest; and

3. For an Order granting such further relief as may be appropriate.

Respectfully submitted,

*/s/ Kenneth M. Rock*
Kenneth M. Rock
Trial Attorney

U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 357-5392
(216) 522-7172 (Fax)
rock.kenneth.m@dol.gov

**OF COUNSEL:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor